**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CLINTON MOORMAN,<br><br>                Plaintiff,<br><br>                v.<br><br>ORLANDO FLORIDA POLICE<br>DEPARTMENT, *et al.*,<br><br>                Defendants. | Civil Action No. 12-501 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

On March 29, 2012, plaintiff Clinton Moorman filed a *pro se* Complaint, asserting in sixty-five handwritten pages numerous allegations and interspersed claims against at least eleven defendants. Upon consideration of the plaintiff's Complaint, the Court will *sua sponte* dismiss the Complaint without prejudice for failure to comply with the Federal Rules of Civil Procedure.

Although *pro se* litigants are held to less stringent standards than those that are applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Bey v. Cube Smart*, No. 12-cv-212, 2012 WL 447680, at *1 (D.D.C. Feb. 9, 2012) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). In essence, Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain: (1) a short and plain statement regarding the grounds upon which the court's jurisdiction depends, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought. FED. R. CIV. P. 8(a). The purpose of the Rule 8 requirements is to ensure that the complaint provides the defendants with fair notice of the asserted claims so that the defendants may formulate a responsive answer, prepare an

adequate defense, and to determine whether claim preclusion applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Rule 8 highlights "the emphasis placed on clarity and brevity by the federal pleading rules" and a clear and succinct complaint is therefore expressly mandated. *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004).

In this case, the plaintiff's Compliant spans sixty-five handwritten pages, the last of which appears to be unfinished and indicates that the document is incomplete. The portion of the document that is presented to the Court is largely illegible and lacks coherence and structure. The plaintiff appears to assert claims against at least eleven defendants, including five police and sheriff departments in Florida, Ohio, and California; three mental health centers in Florida and California; a hospital in Ohio; an auto repair company in Florida; and an investment company allegedly based in New Jersey. A small portion of the Complaint includes the charge that "Ciba-Geigy Corporation and their Bonding Co. and Police and others . . . conspired in a premeditated warrantless ongoing investigation conspiracy to profile, discriminate and defraud [the plaintiff of his] civil rights, invade [his] privacy, harass, harm and injure [him] via attempted murder, gross negligence, malfeasance, abuse of process, nonfeasance, larceny, robbery, strong armed robbery, illegal due process, illegal caption of documents, libel, slander, malice, false arrest, malicious prosecution, malpractice, aggravated assault, criminal prosecution, illegal incarceration . . . ." Compl. at 15. The plaintiff continues to list various causes of action for at least another three pages. In addition, the Complaint includes a narrative of the plaintiff's employment history, motor vehicle accidents and traffic violations, his divorce, and the foreclosure of the plaintiff's house.

Upon review of the Complaint, the Court is unable to decipher what claims the plaintiff asserts against which parties and the factual allegations that underlie those claims. Accordingly,

the plaintiff's Complaint fails to comply with Rule 8(a), and it will be dismissed without prejudice.

An Order consistent with this Memorandum Opinion will be issued separately.

**DATED:   APRIL 9, 2012**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge